SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
THOMAS R. KAUFMAN, Cal. Bar No. 177936
tkaufman@sheppardmullin.com
PAUL BERKOWITZ, Cal. Bar No. 251077
pberkowitz@sheppardmullin.com, Cal. Bar No. 273968
JASON P. BROWN, Cal. Bar No. 296688
jpbrown@sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone:  310.228.3700
Facsimile:   310.228.3701

Attorneys for Defendant
COX COMMUNICATIONS
CALIFORNIA, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARAMARZ AMIRI, an individual on behalf of himself and all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COX COMMUNICATIONS CALIFORNIA, LLC, a Delaware limited liability company; and DOES 1 through 25, Inclusive,<br><br>Defendants. | Case No. 16-cv-00540-CJC-RAO<br><br>Assigned to Hon. Cormac J. Carney<br><br>**CLASS ACTION**<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S PAGA CLAIM PURSUANT TO F.R.C.P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[*Concurrently filed with Request for Judicial Notice*]<br><br>DATE:     June 12, 2017<br>TIME:     1:30 P.M.<br>CRTRM:  9B<br><br>Complaint Filed:  February 17, 2016 |

# NOTICE OF MOTION

**TO THE HONORABLE COURT, PLAINTIFF AND HIS COUNSEL OF RECORD**:

**PLEASE TAKE NOTICE** that, on June 12, 2017, at 1:30 p.m., or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable Cormac Carney, Courtroom 9B, within the Ronald Reagan Building, located at 411 West 4th Street Santa Ana, California 92701, Defendant Cox Communications California, LLC ("Defendant" or "Cox") will seek an Order from this Court pursuant to Federal Rules of Civil Procedure  ("FRCP") 12(b)(6) dismissing Plaintiff Faramarz Amiri's claim for penalties under California's Private Attorney General Act of 2004 ("PAGA") from Plaintiff's First Amended Complaint.

The Court should grant the requested relief because Plaintiff has not and cannot state a claim upon which relief can be granted because he failed to adequately exhaust his administrative remedies with the Labor Workforce Development Agency ("LWDA"), which is a prerequisite to asserting a PAGA claim.  *See* F.R.C.P. 12(b)(6), California Labor Code §§226.7, 512(a) and 2699, *et. seq*.  Instead, the letter that Plaintiff submitted to the LWDA is entirely conclusory, fails to identify the universe of allegedly aggrieved employees, and contains only legal conclusions as to alleged Labor Code Violations.  Accordingly, pursuant to controlling Ninth Circuit authority, the PAGA claim should be dismissed.  Furthermore, because the deadline to exhaust has passed, the dismissal order should be with prejudice.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities and Request for Judicial Notice filed herewith, the District Court's file in this matter, any additional briefing on this subject that may be requested by the District Court or submitted under the rules.

///

///

1  This motion is made following the conference of counsel pursuant to L.R. 7-3
2  which took place on May 2, 2017.

4  Dated: May 9. 2017

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  /s/ Thomas R. Kaufman
THOMAS R. KAUFMAN
PAUL BERKOWITZ
Attorneys for Defendant
COX COMMUNICATIONS CALIFORNIA LLC

# TABLE OF CONTENTS

Page

I. INTRODUCTION AND SUMMARY OF ARGUMENT ............................... 1

II. RELEVANT PLEADINGS AND MATTERS OF JUDICIAL NOTICE ........ 2

    A. The PAGA Allegations in the First Amended Complaint ............................... 2

    B. Plaintiff's September 15, 2016 PAGA Letter to the LWDA .......................... 2

III. LEGAL ARGUMENT ................................................................................... 3

    A. Legal Standard…………………………………………………………… 3

    B. All Plaintiff's PAGA Claims Are Barred for Failure to Properly Exhaust His Administrative Remedies With the LWDA ............................... 4

    C. The Motion to Dismiss Should Be Granted Without Leave to Amend .......... 7

IV. CONCLUSION .............................................................................................. 8

# TABLE OF AUTHORITIES

**Cases**

**Page(s)**

*Alcantar v. Hobart Service, et al.*
 800 F.3d 1047 (9th Cir. 2015) ............................................................................. 1, 4, 5, 6, 7

*Caliber Bodyworks, Inc. v. Superior Court*,
 134 Cal. App. 4th 365 (2005) ............................................................................................ 4

*Chie v. Reed Elsevier, Inc.*
 2011 WL 3879495 (N.D. Cal. Sept. 2, 2011) .................................................................... 7

*Deirmenjian v. Deutsche Bank, A.G.*
 526 F.Supp.2d 1068 (C.D. Cal. 2007) .............................................................................. 3

*Gunn v. Family Dollar Stores, Inc.*
 2016 WL 7030363 (S.D. Cal. Dec. 2, 2016) ................................................................. 4, 6

*Heliotrope General, Inc. v. Ford Motor Co.*
 189 F.3d 971 (9th Cir. 1999) ............................................................................................ 3

*Holak v. K Mart Corp.*
 2015 WL 2384895 (E.D. Cal. May 19, 2015) .................................................................. 6

*Machado v. M.A.T. & Sons Landscape, Inc.*
 2009 WL 2230788 (E.D. Cal. July 23, 2009) ................................................................... 7

*Navarro v. Block*
 250 F.3d 729 (9th Cir. 2001) ............................................................................................ 3

*Ovieda v. Sodexo Operations, LLC*
 2013 WL 3887873 (C.D. Cal. 2013) ......................................................................... 3, 4, 6

*Sinohui v. CEC Entm't, Inc.*
 2016 WL 3406383 (C.D. Cal. June 14, 2016) ............................................................... 6, 7

*Soto v. Castlerock Farming and Transport Inc.*
 2012 WL 1292519 (E.D. Cal. 2012) ................................................................................. 4

*Wong v. AT and T Mobility Services LLC*
 2012 WL 8527485 (C.D. Cal. 2012) ................................................................................. 4

**Statutes**

Fed.R.Civ.P 12(b)(6)……………………………………………………………... 3

Cal. Labor Code § 2699.3(a) ……………………………………………….…..... 4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION AND SUMMARY OF ARGUMENT

This Court granted Plaintiff leave to file a First Amended Complaint.  In his First Amended Complaint, Plaintiff asserts for the first time a claim for violation of PAGA.  Defendant Cox Communications California, LLC ("Cox") moves to dismiss the PAGA claim for failure to exhaust the mandatory administrative remedy under the statute.  More specifically, Plaintiff was required within one year of the last Labor Code violation he experienced to send a written notice to the Labor and Workforce Development Agency ("LWDA") expressly setting forth the identity of the "aggrieved employees" and providing *details* of the "facts and theories" that support the alleged Labor Code violations.  The Ninth Circuit and multiple district courts have dismissed PAGA claims where the LWDA letter merely set forth the statutes violated and the just enough "facts" to indicate that the defendant violated the statute in some manner (*e.g.*, "Defendant failed to provide meal and rest periods as required by Labor Code Section 226.7").

Plaintiff's letter to the LWDA is indistinguishable from letters that other courts have held to be too vague and conclusory to satisfy the exhaustion requirements of the statute.  Indeed, the Ninth Circuit, in a controlling decision, held that a virtually identical letter to the one Plaintiff sent the LWDA here failed to satisfy the statute, and affirmed the district court's grant of summary judgment on the PAGA claim.  *Alcantar v. Hobart Service, et al.*, 800 F.3d 1047 (9th Cir. 2015).  Accordingly, this Court should dismiss Plaintiff's PAGA claim.

Furthermore, because Plaintiff last worked for Cox nearly twenty months ago, it is too late for him to correct this fatal defect.  For that reason, Cox respectfully requests that its motion to dismiss be granted without leave to amend.

## II. RELEVANT PLEADINGS AND MATTERS OF JUDICIAL NOTICE

### A. The PAGA Allegations in the First Amended Complaint

In the First Amended Complaint, Plaintiff has added an eighth claim for relief "For Penalties Pursuant to Private Attorney General Act ('PAGA')."[1] Plaintiff asserts in this claim that he exhausted his administrative remedies for a PAGA claim by sending a letter to the LWDA on September 15, 2016.[2] He incorporates by reference the earlier allegations in the First Amended Complaint that asserted claims for failure to pay overtime compensation, unpaid meal and rest periods, and derivative claims for inaccurate wage statements, failure to keep accurate records, and waiting time penalties.[3] Based on those allegations of wrongdoing, Plaintiff seeks various statutory penalties and attorney's fees.[4]

### B. Plaintiff's September 15, 2016 PAGA Letter to the LWDA

In Plaintiff's September 15, 2016 letter to the LWDA, he failed to identify the alleged "aggrieved employees" he was seeking to represent. Plaintiff did not even identify the position that *he* held at Cox, but merely stated that he worked for Cox as a "non-exempt employee." He also vaguely referred to "certain other non-exempt employees" and "Cox employees" suffering violations without identifying which types of employees he was referring to. The only fact stated that went beyond merely asserting that statutes were violated is that the employees he seeks to represent worked on call for a week stint at a time.[5]

---

[1] First Amended Complaint ¶¶ 74-83.

[2] First Amended Complaint ¶ 83. A true and correct copy of the referenced PAGA letter is attached to the concurrently filed Request for Judicial Notice as Exhibit A.

[3] First Amended Complaint ¶¶ 74, 79.

[4] First Amended Complaint, Prayer as to Eighth Claim for Relief.

[5] While the group of 6-9 employees who worked as Fiber Techs in California were on call for one week stints, that is not a common practice for non-exempt employees, or even Fiber Techs in other parts of California.

Plaintiff also alleged no facts or theories in his LWDA letter. Rather, the LWDA letter is just a series of legal conclusions that assert conclusions that Cox violated certain statutes. For example, for the meal and rest period claims, Plaintiff wrote only that "Cox's employees were not provided with uninterrupted meal and rest periods as mandated by the CALIFORNIA LABOR CODE and the applicable CALIFORNIA INDUSTRIAL WAGE ORDERS, nor were they paid an additional premium payment for each violation." Similarly, for the unpaid wages allegation, the letter stated that "Cox required Mr. Amiri, and certain other non-exempt Labor and Workforce Development Agency employees, to work over 8 hours per work shift and/or 40 hours per work week, without proper overtime compensation." As for the on-call pay claim, there are no facts asserted beyond the fact that some unspecified employees worked on call for a week at a time and did not receive pay for all their hours worked.

### III. LEGAL ARGUMENT

#### A. Legal Standard

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Fed.R.Civ.P. 12(b)(6); *Navarro v. Block,* 250 F.3d 729, 731 (9th Cir. 2001). Dismissal of a claim is appropriate under Rule 12(b)(6) when there is either a "lack of [a] cognizable legal theory" to support a claim for relief, or an "absence of sufficient facts alleged under a cognizable legal theory." *Deirmenjian v. Deutsche Bank, A.G.*, 526 F.Supp.2d 1068, 1073 (C.D. Cal. 2007).

In ruling on a motion to dismiss, a "court may consider facts that are contained in materials of which the court may take judicial notice." *Heliotrope General, Inc. v. Ford Motor Co.,* 189 F.3d 971, 981 (9th Cir. 1999). A court may properly take judicial notice of PAGA letters on file with California's LWDA. *See Ovieda v. Sodexo Operations, LLC,* 2013 WL 3887873, at * 1-2 (C.D. Cal. 2013) (granting request for judicial notice of plaintiff's LWDA letter submitted by

defendants in support of motion for judgment on pleadings); *Wong v. AT and T Mobility Services LLC,* 2012 WL 8527485, at * 2 (C.D. Cal. 2012) (granting request for judicial notice of LWDA exhaustion letter in PAGA case); *Soto v. Castlerock Farming and Transport Inc.,* 2012 WL 1292519, at *8 (E.D. Cal. 2012) (granting request for judicial notice of LWDA exhaustion letter in a PAGA case); *Gunn v. Family Dollar Stores, Inc.,* 2016 WL 7030363, at *2 (S.D. Cal. Dec. 2, 2016) (taking judicial notice of LWDA letter in dismissing PAGA claim).

### B. All Plaintiff's PAGA Claims Are Barred for Failure to Properly Exhaust His Administrative Remedies With the LWDA

Before a PAGA action may be commenced, the plaintiff must give "written notice . . . to the LWDA and the employer of the specific provision of this code alleged to have been violated, ***including the facts and theories to support the alleged violation***." *Caliber Bodyworks, Inc. v. Superior Court*, 134 Cal. App. 4th 365, 376 (2005); Cal. Labor Code §2699.3(a) (emphasis added).  PAGA's exhaustion requirements exist to allow the LWDA "to act first on more 'serious' violations such as wage and hour violations and give employers an opportunity to cure less serious violations." *Caliber Bodyworks*, 134 Cal. App. 4th at 375; *Ovieda*, 2013 WL 3887873, at *3 ("PAGA sets forth an administrative exhaustion requirement to give the LWDA the initial opportunity to investigate and cite employers for Labor Code violations").  Where the plaintiff fails to satisfy the PAGA's "prefiling notice and exhaustion requirements, [he is] not entitled to pursue . . ." a PAGA cause of action. *Caliber Bodyworks*, 134 Cal. App. 4th at 383.

The Ninth Circuit in *Alcantar v. Hobart Service, et al.*, 800 F.3d 1047 (9th Cir. 2015) upheld the dismissal of a PAGA claim where the plaintiff's otherwise timely LWDA letter merely recited legal conclusions and cited various Labor Code statutes without setting forth facts and theories in sufficient detail to allow the employer or the LWDA a meaningful opportunity to investigate the facts behind a claim.  The letter at issue in *Alcantar* stated the following:

> Our offices have been retained by Joseluis Alcantara [sic] (Plaintiff). Plaintiff is a former employee of ITW Food Equipment Group, LLC aka Hobart Service (Defendant). Plaintiff contends that Defendant (1) failed to pay wages for all time worked; (2) failed to pay overtime wages for overtime worked; (3) failed to include the extra compensation required by California Labor Code section 1194 in the regular rate of pay when computing overtime compensation, thereby failing to pay Plaintiff and those who earned additional compensation for all overtime wages due; (4) failed to provide accurate wage statements to employees as required by California Labor Code section 226; (5) failed to provide reimbursement for work related expenses as required by Labor Code § 2802; and, (6) failed to provide off-duty meal periods and to pay compensation for work without off-duty meal periods to its California employees in violation of California Labor Code sections 226.7 and 512, and applicable Industrial Welfare Commission orders. Said conduct, in addition to the forgoing, violated each Labor Code section as set forth in California Labor Code section 2699.5.

*Id*. at 1057. The Ninth Circuit held that the plaintiff's letter was "insufficient" to exhaust his administrative remedies, thus dooming the PAGA claim:

> [T]he only facts or theories that could be read into this letter are those implied by the claimed violations of specific sections of the California Labor Code—that Hobart failed to pay wages for time worked, failed to pay overtime wages for overtime worked, failed to include the extra compensation required by §1194 in the regular rate of pay when computing overtime compensation, and so on.
>
> ***

> Plaintiff's letter—a string of legal conclusions with no factual allegations or theories of liability to support them—is insufficient to allow the Labor and Workforce Development Agency to intelligently assess the seriousness of the alleged violations. Neither does it provide sufficient information to permit the employer to determine what policies or practices are being complained of so as to know whether to fold or fight.

*Id.*; *see also Gunn,* 2016 WL 7030363, at *4 (granting motion to dismiss PAGA claim based on similarly defective letter to LWDA); *Holak v. K Mart Corp.*, 2015 WL 2384895, at *3 (E.D. Cal. May 19, 2015) (superseded by statute on other grounds) (holding that plaintiff failed to exhaust PAGA claim for violation of Labor Code Section 226 because letter to LWDA "contained no facts or theories of liability [concerning this violation], only legal conclusions"); *Ovieda*, 2013 WL 3887873, at *10 (dismissing PAGA claim because the plaintiff's "notice contains no facts specific to Ovieda's principal meal and rest break claim and unpaid wages claim and no information about what Defendants' allegedly illegal policy and practices are"); *Sinohui v. CEC Entm't, Inc.*, 2016 WL 3406383, at *3 (C.D. Cal. June 14, 2016) (dismissing PAGA claim because "Sinohui's LWDA letter, like the letter at issue in *Alcantar*, provides nothing more than a 'series of legal conclusions'").

Here, Plaintiff's letter is virtually identical to the letter the Ninth Circuit held to be insufficient in *Alcantar*. Specifically, Plaintiff's LWDA letter fails to identify who the "aggrieved employees" are who have experienced Labor Code violations. It also fails to set forth any facts or theories as to how Cox failed to provide these unknown "certain other non-exempt employees" meal and rest periods or deprived them of wages they were owed. That failure is fatal to his PAGA claims. *See Chie v. Reed Elsevier, Inc.*, 2011 WL 3879495, *4 (N.D. Cal. Sept. 2, 2011) (dismissing the plaintiffs' PAGA claim because they failed to provide any description of the

aggrieved employees); *Machado v. M.A.T. & Sons Landscape, Inc.,* 2009 WL 2230788, at *8 (E.D. Cal. July 23, 2009) (finding that, since plaintiffs failed to identify the "other current or former employees" who were aggrieved, they failed to state a PAGA claim). Instead, Plaintiff has just recited various Labor Code statutes and stated that Cox violated them. Because Plaintiff plainly failed to exhaust administrative remedies in the manner required by PAGA, he is not authorized to proceed in this action on the State's behalf and his Eighth Claim for Relief must be dismissed.

### C. The Motion to Dismiss Should Be Granted Without Leave to Amend

The Court, in ruling on Plaintiff's motion for leave to amend, already recognized that Plaintiff last worked for Cox on September 18, 2015.[6] If Plaintiff returned to the LWDA and filed a new compliant PAGA letter now, the letter would clearly be time barred as nearly twenty (20) months have passed since Plaintiff last worked for Cox. When faced with a similar situation in *Alcantar*, the district court granted summary judgment without permitting the plaintiff a chance to go back to the LWDA and cure the defect. The Ninth Circuit affirmed that ruling. *Alcantar*, 800 F.3d at 1057. This Court should do the same here. *See Sinohui*, 2016 WL 3406383, at *4 ("Given that amendment would be futile as to this claims, the PAGA claim is DISMISSED WITH PREJUDICE.").

///
///
///
///
///
///
///

---

[6] Order, Docket No.36, p. 2. Plaintiff erroneously pleads in the First Amended Complaint that his employment ended in November 2014, but even if that were true, he would still be time barred now from exhausting his administrative remedies with the LWDA.

## IV. CONCLUSION

Based on the foregoing, Cox respectfully requests that this Court grant the motion to dismiss Plaintiff's PAGA claim without leave to amend.

DATED: May 9, 2017     SHEPPARD MULLIN RICHTER & HAMPTON LLP

By     /s/ Thomas R. Kaufman
THOMAS R. KAUFMAN
PAUL BERKOWITZ
Attorneys for Defendant
COX COMMUNICATIONS
CALIFORNIA, LLC