SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
THOMAS R. KAUFMAN, Cal. Bar No. 177936
tkaufman@sheppardmullin.com
PAUL BERKOWITZ, Cal. Bar No. 251077
pberkowitz@sheppardmullin.com
JASON P. BROWN, Cal. Bar No. 296688
jpbrown@sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone:   310.228.3700
Facsimile:    310.228.3701

Attorneys for Defendant
COX COMMUNICATIONS
CALIFORNIA, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARAMARZ AMIRI, an individual on behalf of himself and all other similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>COX COMMUNICATIONS CALIFORNIA, LLC, a Delaware limited liability company; and DOES 1 through 25, Inclusive,<br><br>　　　　　　　Defendants. | Case No. 16-CV-00540-CJC-RAO<br><br>Assigned to Hon. Cormac J. Carney<br><br>**CLASS ACTION**<br><br>**REPLY BRIEF IN SUPPORT OF DEFENDANT COX COMMUNICATIONS CALIFORNIA, LLC'S MOTION TO STRIKE PAGA REPRESENTATIVE CLAIMS**<br><br>DATE:   October 2, 2017<br>TIME:   1:30 P.M.<br>CRTRM:  9B<br><br>Complaint Filed: February 17, 2016 |

## **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION AND SUMMARY OF ARGUMENT ............................... 1

II. LEGAL ARGUMENT ................................................................................ 2

    A. This Motion is Not a Repeat of Motions the Court Has Previously Addressed ................................................................... 2

    B. Plaintiff Fails to Contradict Any of Cox's Arguments About The Necessity for Manageability and Due Process in a Representative Action ........................................................................................... 2

    C. Plaintiff Does Not Dispute That The Need to Take Individualized Testimony From Each Employee Will Render All of His PAGA Claims Unmanageable ............................................ 5

    D. Plaintiff Has Had Long Enough to Prepare a Trial Plan to Address These Issues But Has Offered Nothing Whatsoever on How He Plans to Conduct a PAGA Trial ...................................... 6

III. CONCLUSION .......................................................................................... 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arias v. Superior Court*
  46 Cal. 4th 969 (2009) .................................................................................................. 3

*Bronco Wine Co. v. Loguso Farms*
  214 Cal. App. 3d. 699 (1989) ....................................................................................... 3

*Brown v. American Airlines, Inc.*
  2015 U.S. Dist. LEXIS 150672 (C.D. Cal. Oct. 5, 2015) ........................................ 3

*Duran v. U.S. Bank, N.A.*
  59 Cal. 4th 1 (2013) ........................................................................................... 1, 3, 4, 5

*Gomez v. Lincare*
  173 Cal. App. 4th 508 (2009) ...................................................................................... 5

*Litty v. Merrill Lynch & Co.*
  2014 U.S. Dist. LEXIS 160448 (C.D. Cal. Nov. 10, 2014) .................................... 4

*Morgan v. Wet Seal, Inc.*
  210 Cal. App. 4th 1341 (2012) .................................................................................... 6

*Ortiz v. CVS Caremark Corp.*
  2014 U.S. Dist. LEXIS 36833 (N.D. Cal. Mar. 18, 2014) ....................................... 3

*Raphael v. Tesoro Ref. & Mktg. Co. LLC*
  2015 U.S. Dist. LEXIS 130532 (C.D. Cal. Sep. 25, 2015) .................................... 3

*Rope v. Auto-Chlor Systems of Washington, Inc.*
  220 Cal. App. 4th 635 (2013) ...................................................................................... 3

*Watson v. Surf Rac Wellhead Equipment Co.*
  2013 U.S. Dist. LEXIS 143195 (E.D. Ak. Oct 3, 2013) ......................................... 6

*Williams v. Superior Court*
  __ Cal. 5th __, 2017 Cal. LEXIS 5124 (2017) ......................................................... 3

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff's three-page Opposition brief makes only two arguments: (1) that this motion is allegedly Cox's "third bite at the apple" and (2) that the California Supreme Court's *Duran* decision did not address a trial plan for a PAGA representative action. Both of these points are invalid. Moreover, the Opposition notably fails to address in any way the other authorities cited in Cox's brief separate and apart from *Duran* that hold that, as a general matter of due process, a plaintiff seeking to prove a PAGA claim that is derivative of the Labor Code claims of hundreds of individual employees must propose a method for the trial court to try the claims in a manageable way while respecting the defendant's due process right to raise all of its defenses to liability. Plaintiff's silence on this issue is telling.

Plaintiff suggests that discussions of manageability of the trial are "premature," but discovery has closed, and the motion cutoff is rapidly approaching. When exactly does Plaintiff intend to explain to the Court how he will manage the individualized liability issues that Cox identified in its motion to deny class certification that Plaintiff was unable to oppose? As of now, it is not even clear which jobs fall within the universe of "aggrieved employees," let alone how that varied group of employees will collectively establish liability on meal, rest, and standby pay claims as necessary to determine liability on the PAGA claims.

The fact remains that the predominant individualized issues that prevented a class certification on the underlying Labor Code claims raise manageability issues that also make it impossible to try them collectively as a PAGA representative action. The time for Plaintiff to explain how the court can manage this case is now, and the failure to even address the issue in the Opposition should lead this Court to grant Cox's motion to strike in its entirety. Accordingly, Cox respectfully requests that Plaintiff's representative PAGA claims be stricken, and this action proceed forward as just an individual wage and hour case.

## II. LEGAL ARGUMENT

### A. This Motion is Not a Repeat of Motions the Court Has Previously Addressed

In an obvious attempt to persuade the Court not even to consider the merits of Cox's motion, Plaintiff argues that this is Cox's "third bite at the apple." This is simply untrue. While this is the third motion to address Plaintiff's PAGA claim, each of the motions raised independent grounds and was raised at the applicable juncture of the case. Cox opposed Plaintiff's motion for leave to amend because it believed Plaintiff had waited too long to try to add a PAGA claim to the case. When the Court permitted amendment, Cox moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), because it believed Plaintiff had failed to exhaust administrative remedies necessary to advance a PAGA claim.

The instant motion was brought only after the close of discovery and is a motion based on a full evidentiary record. It is focused on the fact that, on this record, there is no way to try this as a collective action consistent with due process, and Plaintiff has failed even to try to explain how it could be fairly and manageably tried. While the evidence that supports this motion overlaps with the evidence Cox submitted in opposition to class certification, the Court never made any rulings based on that record because Plaintiff surrendered in the face of the motion to deny class certification and stipulated to dismiss his class allegations.

In sum, this is a new motion, timely filed, that raises arguments that this Court has not yet considered. Accordingly, the Court should consider it on the merits.

### B. Plaintiff Fails to Contradict Any of Cox's Arguments About The Necessity for Manageability and Due Process in a Representative Action

Plaintiff's Opposition mostly ignores the points Cox raised in its motion concerning the standards for trying PAGA claims. In particular, Plaintiff does not dispute that a PAGA claim must be predicated on a qualifying Labor Code violation, such that proof of the underlying Labor Code violations is essential to adjudicating

1  the PAGA claim.  *See Arias v. Superior Court*, 46 Cal. 4th 969, 987 (2009)
2  ("*Arias*"); *see also Rope v. Auto-Chlor Systems of Washington, Inc.*, 220 Cal. App.
3  4th 635, 651 n. 7 (2013) ("PAGA requires that the representative plaintiff establish
4  that the employer have committed the Labor Code violations for which recovery is
5  sought against the aggrieved employees.").
6       Plaintiff also cites no authority to contradict that a PAGA plaintiff must be
7  able to adjudicate the PAGA liability in a manageable way if he is to proceed to trial
8  at all.  Both *Williams v. Superior Court*, __ Cal. 5th __, 2017 Cal. LEXIS 5124, at
9  *42-43 (2017) and *Duran v. U.S. Bank, N.A.*, 59 Cal. 4th 1, 29-36 (2013) discussed
10  generally the need for a trial to be manageable and to comply with principles of due
11  process.  *See also Bronco Wine Co. v. Loguso Farms*, 214 Cal. App. 3d. 699, 719-
12  721 (1989) (reversing denial of motion to strike representative allegations in UCL
13  representative action because denial of the motion "led to insurmountable control
14  and management problems").
15       Plaintiff also had no response to the district court authorities Cox cited where
16  courts struck PAGA claims because the they found the claims to be unmanageable.
17  *See, e.g.*, *Raphael v. Tesoro Ref. & Mktg. Co. LLC*, 2015 U.S. Dist. LEXIS 130532,
18  at *5-6 (C.D. Cal. Sep. 25, 2015) (striking PAGA claims as unmanageable where
19  court would need to decide "twenty-six relevant inquiries and requirements" to
20  establish each individual's liability and penalties); *Brown v. American Airlines, Inc.*,
21  2015 U.S. Dist. LEXIS 150672, at *10 (C.D. Cal. Oct. 5, 2015) ("The Court finds
22  manageability issues exist regarding PAGA overtime claims here. There appears to
23  be too many individualized assessments to determine PAGA violations concerning
24  overtime pay."); *Ortiz v. CVS Caremark Corp.*, 2014 U.S. Dist. LEXIS 36833, at
25  *10-11 (N.D. Cal. Mar. 18, 2014) (PAGA claim held "unmanageable" because "a
26  multitude of individualized assessments would be necessary."); *Litty v. Merrill*
27  *Lynch & Co.,* 2014 U.S. Dist. LEXIS 160448, at *6 (C.D. Cal. Nov. 10, 2014)
28  (PAGA claims unmanageable given court had already held that individualized issues

predominated in denying class certification of the underlying Labor Code claims).

The most similar of these cases is *Litty*, 2014 U.S. Dist. LEXIS 160448. In *Litty*, the district court had already denied Rule 23 certification of wage and hour claims because of predominant individualized issues, leaving a PAGA claim. At the close of discovery, the defendant moved to strike the PAGA claims on the ground that a representative trial would be unmanageable. The district court held that, even assuming that PAGA claims were not subject to Rule 23 requirements for class certification, the fact that a trial would prove unmanageable provided a strong basis to grant the defendant's motion to strike:

> "Defendants argue that denial of Rule 23 class certification also precludes Plaintiff from pursuing PAGA claims on behalf of anyone other than himself. . . . Regardless of whether a PAGA claim must satisfy the requirements of Rule 23, Defendants also argue that the PAGA claim is unmanageable. PAGA representative action allegations can be stricken where such claims would be unmanageable. Plaintiff's PAGA claim is entirely derivative of his state law claims. This Court has already determined that Plaintiff's state law claims cannot be adjudicated on a class basis and concluded that "individualized issues predominate in this action." (Docket No. 90). The circumstances of this case make the PAGA claim unmanageable because a multitude of individualized assessments would be necessary. Accordingly, the Court strikes Plaintiff's PAGA representative action allegations."

*Id.* at *5-6. This rationale applies equally well to the instant action.

Plaintiff's sole response to **any** arguments about PAGA procedure is to point out that *Duran* was not a PAGA case and did not directly address a trial plan in a PAGA case. Instead, *Duran* reversed a trial court ruling in a class trial on the basis that the trial plan the trial court put in place to make the trial manageable violated the defendant's due process rights. 59 Cal. 4th at 13. While *Duran* examined a class trial rather than a PAGA trial, *Duran* was addressing generalized concepts of due process and manageability that apply just as much to a PAGA representative trial as a Rule 23 class trial. In particular, the entire section in *Duran* on how the

trial plan the trial court adopted violated U.S. Bank's right to present its individualized exemption defenses applies equally strongly to a PAGA representative action. *Id.* at 32-33. Thus, *Duran* supports the granting of Cox's motion and certainly provides no basis to deny it.

### C. Plaintiff Does Not Dispute That The Need to Take Individualized Testimony From Each Employee Will Render All of His PAGA Claims Unmanageable

In its moving papers, Cox explained how the individualized issues that precluded class certification of Plaintiff's meal and rest period claims, also prevent a PAGA representative trial of those claims because they will render the trial unmanageable. In particular, Cox explained how, in light of its lawful policy on meal and rest periods, answering the question of whether any particular employee had a bona fide opportunity to take a meal period within the first five hours of a shift, or to take two ten minute rest periods in a workday required individualized testimony and would likely vary from person to person, based on the person's job, workload, supervisor, and other particular issues. Plaintiff failed to respond to this point in his Opposition and has never suggested a method to manage these individualized issues.

The same manageability issues also preclude his PAGA standby pay claim. Plaintiff does not dispute that, under California law, an employee may remain in an unpaid, "uncontrolled standby" status where the employee is subjected to some restrictions and agrees to be paid only when he takes a call or goes into the field. The employer is required to pay the employee merely for being on call ***only*** where the employer places such onerous restrictions on the employee that the employee effectively is prevented from "engag[ing] in personal activities." *See Gomez v. Lincare* 173 Cal. App. 4th 508, 522-23 (2009). Accordingly, a key question to decide individual liability will be to evaluate the different restrictions different employees faced on their freedom when on call. As Cox explained in its motion to deny certification, these restrictions varied widely from supervisor to supervisor, job

to job, and region to region within California. Plaintiff has provided no contrary evidence.

In sum, on the record that exists here, individualized issues will necessarily predominate such that a PAGA trial on this claim will be unmanageable. *See Morgan v. Wet Seal, Inc.,* 210 Cal. App. 4th 1341, 1356-57 (2012) (collective litigation unmanageable where liability turned on different communications different employees received with regard to the obligation to buy and wear company clothing to perform the job); c*f. Watson v. Surf Rac Wellhead Equipment Co.*, 2013 U.S. Dist. LEXIS 143195, *16-18 (E.D. Ak. Oct 3, 2013) (decertifying FLSA on-call claim where the record reflected each person's claim would require individual analysis of "the amount of time each plaintiff was on call/employed by Surf–Frac and how often each plaintiff was called in to work while on call").

### D. Plaintiff Has Had Long Enough to Prepare a Trial Plan to Address These Issues But Has Offered Nothing Whatsoever on How He Plans to Conduct a PAGA Trial

In *Duran*, the California Supreme Court suggested that a trial plan showing how to handle individualized issues should be considered as part of the class certification process. *See Duran,* 59 Cal. 4th at 21-22. At a minimum, this suggests that these types of decisions should be made early enough in the litigation so that the Court has time to work through the issues and ensure a fair procedure for a manageable trial is in place.

Here, not only has he not provided a plan to ensure a fair and manageable trial, Plaintiff has never identified who he believes the "aggrieved employees" are who have allegedly experienced Labor Code violations. It is readily apparent that Plaintiff cannot do so because he has not conducted any discovery regarding the approximately 1,000 employees working in numerous different jobs who were subject to different specific practices within Cox's three separate California geographical markets as reflected by the declarations Cox has submitted.

Rather than substantively address Cox's argument, Plaintiff has taken the position that it is premature to even ask him to do so. But the discovery cutoff already passed and the motion cutoff is fewer than sixty days after the hearing on this motion. If Cox is to have a motion to strike a PAGA claim for failure to submit a trial plan heard, the time for Plaintiff to present a workable trial plan is now. Plaintiff's failure to offer up anything—even a generalized notion—as to how the trial will manage the individualized issues should lead this Court to grant Cox's motion to strike in its entirety.

### III.  CONCLUSION

For these reasons, Cox respectfully requests that the Court strike the PAGA representative allegations in their entirety.

Dated: September 15, 2017      SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By     /s/ Thomas R. Kaufman
THOMAS R. KAUFMAN
Attorney for Defendant
COX COMMUNICATIONS
CALIFORNIA, LLC